# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
|  | * |  |
| **GARY JONES,** | * |  |
| **Plaintiff** | * |  |
| **v.** | * | **CIVIL NO.  JKB-12-3314** |
| **PAUL GRAZIANO** *et al.*, | * |  |
| **Defendants** | * |  |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

### I.  Background

Gary Jones *pro se* initiated this lawsuit against Paul Graziano, Reba Anderson-Graham, Ursel Cherry-Tucker, Christa Phillips, Wallace Sampson, Reginald Scribber, Mildred Brown, Cornelius Harrison, Beatrice Rose, Robert Thompson, Robin Mack, and Curtis Burrell, claiming federal-question jurisdiction.   (Compl., ECF No. 1.)   Jones requested relief in the form of $400,000 in damages and an injunction ordering "[a]n emergency transfer into a Section 8 unit and deterent [*sic*] against future retaliation."   (*Id.* 3.)   He was granted leave to proceed *in forma pauperis*, and his motions for appointment of counsel were denied.   (ECF Nos. 3, 6, 13, 18.) Pending before the Court are a motion to dismiss filed by all served Defendants[1] (ECF No. 10) and a motion by Jones "to order the H.A.B.C. to offer[ ] [Jones] protection in the Housing choice voucher program or another section 8 program to assure [Jones] a safe and decent dwelling" (ECF No. 17).   "H.A.B.C." refers to the Housing Authority of Baltimore City ("HABC"), which is not a party to this lawsuit.   The parties have briefed the issues (ECF Nos. 14, 16, 19, 22), and

---

[1] Rose, Thompson, and Burrell were never served.

no hearing is required, Local Rule 105.6 (D. Md. 2011).  Defendants' motion will be granted, and Jones's motion for injunctive relief will be denied.

## II. Applicable Standards

### A.   Standard for Dismissal under Rule 12(b)(6)

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  An inference of a mere possibility of misconduct is not sufficient to support a plausible claim.  *Id.* at 679.  As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level."  550 U.S. at 555.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . .  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).  Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, that principle does not apply to legal conclusions couched as factual allegations.  *Twombly*, 550 U.S. at 555.

### B.   Standard for Preliminary Injunctive Relief

In *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), the Supreme Court set forth the following standard for preliminary injunctive relief:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

*Id.* at 20.  Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Id.* at 22.  Courts are called upon to balance a plaintiff's claims of injury against the burdens to be imposed upon the defendant, and they must "pay particular regard for the public consequences in employing the extraordinary remedy of injunction."  *Id.* at 24.

### III.  *Factual Allegations of the Complaint*

Jones has recounted at length a number of events pertaining to his residency in public housing in Baltimore, Maryland.  He alleges various HABC employees did not properly carry out their job duties because an individual that Jones believes was involved in stabbing him on November 15, 2007, was allowed to become a resident of the same public housing project where Jones resided; because Jones filed numerous grievances relating to that matter and to other matters, such as one employee spreading rumors about him, another employee conspiring to have Jones stabbed, an employee labeling Jones as a "snitch" for complaining about other tenants, and other tenants disturbing his peaceful enjoyment, but none of his grievances yielded the results he desired; and because he has not been able to move from public housing to Section 8 housing.[2]

### IV.  *Analysis*

After reviewing Section 8 and its related statutory provisions, the Court finds therein no entitlement of an individual to receive a Section 8 voucher as opposed to other forms of public housing assistance.  The statutory scheme clearly contemplates the likelihood of waiting lists for Section 8 housing.  *See, e.g.*, § 1437f(*o*)(13)(J) (referring to waiting lists for tenant selection).  *See also* 24 C.F.R. § 960.206 (waiting lists to reflect local preferences in admission to public

---

[2]  Section 8 refers to the portion of the United States Housing Act of 1937, Act Sept. 1, 1937, c. 896, 50 Stat. 888, as amended, now principally codified in 42 U.S.C. § 1437 *et seq.*  Under Section 8, an eligible individual may receive a voucher to pay for rent at a privately owned residence that complies with various requirements for Section 8 housing.

housing program).  No legal basis can be found for this Court to order HABC, even presuming it was a party to this case, to award Section 8 placement to Jones.  It is evident from the governing statutes that a public housing agency ("PHA") is vested with guided discretion to execute this nation's housing policies through various programs including Section 8, and it is beyond the purview of this Court to mandate that HABC exercise that discretion in a particular fashion to suit one individual.  As a result, Jones's complaint fails to state a claim for relief as to Section 8 housing, and his request for injunctive relief will be denied.

The rest of his allegations concern his numerous, unsuccessful grievances.  In § 1437d(k), PHAs are required to establish and implement an administrative grievance procedure pursuant to which tenants will be advised of the specific grounds of a proposed adverse action by the PHA. Under 24 C.F.R. § 966.53(a), "grievance" is defined as "any dispute which a tenant may have with respect to PHA action or failure to act in accordance with the individual tenant's lease or PHA regulations which adversely affect the individual tenant's rights, duties, welfare or status."

Along with his response in opposition to Defendants' motion, Jones has submitted copies of his various grievances.  None of these grievances related to a proposed adverse action by HABC.  Instead, they reflect a running dispute with HABC employees who have repeatedly investigated his complaints regarding other tenants and determined his complaints to be unfounded, save for one upstairs tenant's child making noise.  When Jones did not prevail on these grievances, he instituted other grievances and complained that the HABC employees were biased against him.  So far as the Court can tell, none of his grievances involves the deprivation or infringement of any right Jones may have under the Housing Act.  Consequently, the Court concludes Jones's complaint fails to state a claim for relief.  *See Wright v. City of Roanoke Redevelopment & Hous. Auth.*, 479 U.S. 418, 430-32 (1987) (recognizing cause of action under

42 U.S.C. § 1983 for PHA's denial of reasonable utility allowances required under § 1437a and implementing regulations).

*V.*  *Conclusion*

A separate order reflecting the contents of this memorandum will issue.

DATED this <u>10th</u> day of April, 2013.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge